Dear Mr. Nevils:
You have requested an opinion of this office regarding the legality of the East Side Fire Protection District No. 5 assessing a $32.00 service charge for fire protection services against "each of 80 semi-private rooms contained within The Retirement Center."
In the information provided to this office, you stated that the center operates a nursing home structure which consists of 40 semi-private rooms, with space for up to 80 individual patients. As we understand the situation, there is a curtain or partition dividing each of the 40 rooms into the 80 spaces. The "80 semi-private rooms" are actually 40 rooms with a curtained partition between the two beds.
The Proposition adopted by the voters of the East Side Fire Protection District No. 5 approves:
 [A] service charge in an amount not to exceed $32.00 per annum from the owners of each residential or commercial structure located within the East Side Fire Protection District No. 5 for the purpose of fire protection services for a term not to exceed 10 (ten) years.
The language contained in the above cited Proposition is consistent with LA R.S. 40:1502.1 A (1) (b) which is the governing authority. LA R.S. 40:1502.1 A (1) (b) states:
 The governing authority is hereby authorized to establish, by majority vote of the members of the authority, a service charge or rates of service charges for each residential or commercial structure for a term not to exceed ten years to be assessed persons owning each such structure, whether occupied or unoccupied.
In both the Proposition adopted by the voters of the Eastside Fire Protection District No. 5 and the above cited statutory authority, the service charge is assessed against "each residential or commercial structure."
Attorney General Opinion 99-319 applies Louisiana Civil Code Article XI and LA Revised Statute 1:3 in defining a "structure." Article XI states:
 The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
LA R.S. Statute 1:3 states:
 Words and phrases shall be read in their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
Webster's Third New International Dictionary defines a "structure" as "something constructed or built; a building of imposing size; something made up of more or less interdependent elements or parts." Black's Law Dictionary, Revised Fourth Edition defines a "structure" as "any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built and constructed; an edifice or building of any kind". Attorney General Opinion 99-319.
Based on the language of the Proposition adopted by the voters of the Eastside Fire Protection District, the statutory authority of LA R.S.40:1502.1 A (1) (b), and the above cited definitions of a "structure" as presented in Opinion No. 99-319, a "semi-private room" composed of a curtained partition between two beds does not meet the definition of a "structure".
LA R.S. 40:1502.1 A (2) (b) states:
 For the purposes of this Section each residential, commercial, occupancy, or tenant unit in a structure shall be considered a separate structure.
Applying the above cited statute to your inquiry, the question becomes: does the space containing one bed within a curtained partition between two beds in a semi-private room create a "unit?" Applying the reasoning of Opinion No. 99- 319, we look to the prevailing definitions of "unit."
Webster's Third New International Dictionary defines "unit" as:
 [A] member of an aggregate that is the least part to have a clearly definable separate existence and that normally forms a basic element of organization with the aggregate.
Webster's II defines "unit" as:
 An individual, group, structure, or other entity regarded as an elementary structural or functional constituent of a whole.
Applying the above definitions, a "unit" under LA R.S. 1502.1 would be a basic element of the structure such as an apartment unit or a condominium unit. However, to assert that two semi-private spaces created by dividing a room in a nursing home with a curtained partition between two beds meets the basic definition of a "unit" or a "structure" stretches the legislative intent beyond the present statutory language.
Therefore, it is the opinion of this office that the space created by separating two beds in a semi-private room by a curtained partition does not meet the definition of a unit or structure as presented in Attorney General Opinion No. 99- 319 and LA R.S. 40:1502.1.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ SUE MCNABB Assistant Attorney General
RPI:SM/sfj
DATE RELEASED: June 13, 2002